**Peter R. RUMBIN, Plaintiff,**

v.

**Arne DUNCAN, et al., Defendants.**

**No. 3:11–CV–00904 (CSH).**

United States District Court, D. Connecticut.

April 24, 2012.

Peter R. Rumbin, Hamden, CT, pro se.

Christine L. Sciarrino, U.S. Attorney's Office, New Haven, CT, for Defendants.

**RULING ON MOTION TO APPOINT COUNSEL AND ORDER REGARDING MOTION TO DISMISS**

CHARLES S. HAIGHT, JR., Senior District Judge:

In this action falling within the Court's subject matter jurisdiction because the United States Government is a party Defendant (the named Defendants include Secretary of Education Arne Duncan and Secretary of the Treasury Timothy Geithner),[1] the indigent *pro se* Plaintiff, Peter R. Rumbin, claims that the Government is wrongfully deducting $76.00 each month from his Social Security payments, as purported offsets against student education loans Plaintiff received from the Government and has not repaid.

Magistrate Judge Margolis issued an Order [Doc. 7] granting Plaintiff Rumbin leave to proceed *in forma pauperis.* Presently pending before this Court are the Government's motion [Doc. 12] to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, and Rumbin's earlier motion [Doc. 4] for the appointment of counsel to assist him. The Court will discuss these motions in inverse order.

Mr. Rumbin's request for the appointment of counsel invokes 28 U.S.C. § 1915(e)(1), a section of the statute governing proceedings *in forma pauperis,* which provides: "The court may request an attorney to represent any person unable to afford counsel." Whether or not to make such a request in a given case rests in a district judge's discretion. In the present case, Plaintiff is fiscally eligible to request representation. Judge Margolis granted Rumbin IFP status on the basis of

1. The complaint also names as a defendant the University of Chicago, which Plaintiff apparently attended during the times of the student loans in question in the case.

his affidavit of indigence. In his motion for court appointment of counsel, Rumbin adequately describes his unsuccessful attempt to retain counsel on his own. But an individual's eligibility for the appointment of an attorney under § 1915(e)(1), standing alone, does not entitle him or her to that appointment. The Court of Appeals for the Second Circuit, whose opinions are binding upon all District Courts within the Circuit including this one, has laid down the circumstances which must exist before an appointment of an attorney under the statute may be made. The Second Circuit's most frequently cited cases are *Hendricks v. Coughlin,* 114 F.3d 390 (2d Cir.1997); *Cooper v. A. Sargenti Co.,* 877 F.2d 170 (2d Cir.1989); and *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir.1986).

The limitations the court of appeals places in these opinions upon district court appointment of attorneys to represent indigent parties in civil cases reflect the practical realities that (a) while § 1915(e)(1) authorizes a trial judge to "request" an attorney to represent an indigent party, there are no public funds available to pay for that representation, so the appointed attorney invariably renders professional services *pro bono,* unless the underlying governing law provides for fee-shifting when the representation is successful; and (b) perhaps in consequence of the first reality, the demand by indigent parties for court-appointed representation of a needy party invariably exceeds the supply of attorneys willing to render such services, in which event the trial judge's "request" of a member of the bar will be met with a polite refusal.

In *Hodge,* the Second Circuit gave district judges the following instructions with respect to how they should exercise their discretion to appoint counsel:

In deciding whether to appoint counsel, however, the district court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d at 61–62. In *Cooper* the Second Circuit, reflecting upon its earlier decision in *Hodge,* said: "In trial courts, the preliminary assessment of likely merit must be undertaken somewhat more generously [than for appellate courts] since the unrepresented litigant might have difficulty articulating the circumstances that will articulate the merit that might be developed by competent counsel." 877 F.2d at 174. In *Hendricks,* the court of appeals drew upon both *Hodge* and *Cooper* for its observation that "in some situations a pro se litigant may face substantial problems in the very development of a factual record that is needed for resolution of a case that poses complex issues." 114 F.3d at 393.

■ Turning to the case at bar, Plaintiff's claim against the Government, stated in his complaint and reiterated in his motion for appointment of an attorney under § 1915(e)(1), is that the Government's monthly deductions from his Social Security checks are wrongful because they are based upon "a claim of debt for the plaintiff's alleged related U.S. Department of Education loans (See Doc # N 89–522(WWE)) which was decided with prejudice against the U.S. Government in September 26, 1990 [*sic*] (see attached Dismissal)." Complaint [Doc. 1] at 2. The Complaint continues: "The defendants are

wrongfully attaching my social security because this subject matter of these loans the defendants were party to the law suit subject matter of these same loans which was decided in favor of the plaintiff, Peter R. Rumbin (see attached dismissal and copy of law suit)." *Id.* Plaintiff's motion for the appointment of counsel [Doc. 4] states at 5:

> The loans of this dispute were the subject matter of a prior action involving the plaintiff and the entitled U.S. Government case already cited. That case was dismissed with prejudice in favor of the Plaintiff, Peter R. Rumbin, with prejudice against the U.S. Government. Hence the defendants: US Dept. of Education, U.S. Dept. of Treasury and the U. of Chicago are wrongfully collecting and offsetting monies from the plaintiff, Peter R. Rumbin because this case was already ras judica [*sic* ] and/or collateral estoppel.

The court documents Plaintiff attaches to his pleadings in this case show that the prior case, between the Government as plaintiff and Rumbin as defendant, was dismissed with prejudice in accordance with a Stipulation of Dismissal dated September 24, 1990. That case was filed in the Bridgeport branch of the District and bore docket Civil No. N 89–522(WWE) ("the 1989 Action").

If, as Plaintiff claims in this action, the Government is presently making deductions from Plaintiff's Social Security checks in order to obtain repayments of loans forming the subject matter of the dismissed 1989 Action, then obviously the Government's offsets would be problematic. But the Government gives a quite different account in its brief [Doc. 13] in support of its motion to dismiss Rumbin's present complaint. The Government asserts that it initiated the 1989 Action against Rumbin to collect "a defaulted student loan in the principal amount of $1,650.00." [Doc. 13] at 2. That claim was disposed of by the dismissal of the 1989 Action, together with "a second student loan in the original principal amount of $890.00, which had not been included in the previous litigation." *Id.* at 3. The Government's brief goes on to say that "the two loans were written off, including the original principal amounts of $1,650.00 and $890.00, respectively"; and the files for these two loans, bearing "loan numbers N19805001250601 ('N601') and F198105000054801 ('F 801'), respectively" show that "both loans have been written off, or otherwise closed by DOEd." *Id.*

However, the Government continues in its brief: "In addition to the two loans which were closed in connection with the previous litigation commenced in 1989, Peter R. Rumbin also obtained two other federally guaranteed student loans that are not the subject of any litigation." [Doc. 13] at 3. These loans are evidenced by promissory notes executed by Plaintiff and assigned loan numbers which may be shortened to "G601" and "G702" respectively. The Government asserts that Plaintiff executed one of these notes on October 20, 1977 and the other on December 21, 1978. "Both loans were declared in default on September 1, 1987, and were subsequently assigned to DOEd, and collection action ensued." *Id.* The deductions from Plaintiff's Social Security checks follow "a routine administrative collection action concerning loans G601 and G702, which included the use of the Treasury Offset Program ('TOP'), whereby federal funds otherwise due a debtor are offset by the Treasury." *Id.* at 4. The Higher Education Act, 20 U.S.C. § 1091a(a)(1), retroactively eliminated any state or federal statute of limitation bar to enforcement of defaulted student loans such as those tak-

en out by Plaintiff in 1977 and 1978. *Id.* at 5.

If the Government is correct in asserting that the loans it made to Plaintiff which trigger the present Social Security deductions are entirely unrelated to the loans involved in the 1989 Action, then Plaintiff's present action, complaining of those deductions, is based upon a fundamental error of fact, and there is no immediately discernible basis for maintaining the action. But more to the present point, the case turns upon a simple question of fact, uncomplicated by subtle legal complexities and requiring no elaborate discovery to unravel: Did the loans causing the present Social Security deductions form a part of the 1989 Action, or did they not? One cannot detect in that question, or in the means of its resolution, the sort of legal complexities or need for pre-trial discovery that typically justify a court appointing counsel to assist an indigent party in civil litigation. In the case at bar, presumably Mr. Rumbin can test the accuracy of the Government's descriptions of the loans it made to him over the years by the simple task of consulting his own files.

The Court concludes that, given the circumstances of this case, and the standards and criteria articulated by the cited Second Circuit cases, the appointment of an attorney to represent Plaintiff in the case at bar would be an abuse of discretion. Plaintiff's motion for appointment of counsel is accordingly DENIED.

Plaintiff is directed to file and serve papers in opposition to the Government's motion to dismiss the Complaint on or before May 25, 2012, failing which the Court will decide the motion on the present record. If Plaintiff files opposing papers, the Government may, if so advised, file and serve reply papers not later than June 8, 2012. If the Court desires oral argument, the parties will be advised by Chambers.

It is SO ORDERED.